UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RADAR SPORTS MANAGEMENT, LLC,

                        Plaintiff,

           -against-

LEGACY LACROSSE, LI INC, MADLAX INC dba
MADLAX EVENTS, TRUE LACROSSE, MICHAEL
BRENNAN, TRACEY CANTABENE, THOMAS
ZUMMO, MIKE GABEL, CABEL MADDUX, and JAKE
DEAN, each INDIVIDUALLY AND COLLECTIVELY
ACTING AS A JOINT VENTURE COLLECTIVELY
DOING BUSINESS AS CLUB NATIONAL,

                      Defendants.
-----------------------------------------------------------------------X

Case No.: 2:21-cv-5749
(DRH)(JMW)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY

JENNIFER E. SHERVEN
TAYLOR M. FERRIS
KAUFMAN DOLOWICH & VOLUCK LLP
*Attorneys for Defendants*
True Lacrosse, Mike Gabel, and Jake Deane
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

ADAM I. KLEINBERG
SOKOLOFF STERN LLP
*Attorneys for Defendants*
Legacy Lacrosse, LI, Inc., Madlax Inc., Michael Brennan,
Tracey Cantabene, Thomas Zummo, and Cabel Maddux
179 Westbury Avenue
Carle Place, New York 11514

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... *i*

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT ..............................................................................................................................2

    I.      Plaintiff Cannot Establish That It Has Viable Claims Under the Five Counts Alleged in the Complaint ........................................................................................2

    II.     Contrary to Plaintiff's Assertion, Discovery is Significant and Will Be Burdensome on Defendants ....................................................................................4

    III.    Plaintiff's Contention that There is a Risk of Spoilation of Evidence is Speculative and Does not Sufficiently Demonstrate that Plaintiff Will Be Prejudiced by a Stay of Discovery ............................................................................................................5

CONCLUSION ............................................................................................................................7

# TABLE OF AUTHORITIES

Cases                                                                                                                    Page

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................................................ 3

*Buckley v. New York*,
959 F. Supp. 2d 282 (E.D.N.Y. 2013) ..................................................................................... 3

*In re Vivendi Universal*,
381 F.Supp.2d 2d 129 (S.D.N.Y. 2003)....................................................................................5

*Long v. Marubeni Am. Corp.*,
406 F. Supp. 2d 285 (S.D.N.Y. 2005) ..................................................................................... 3

*Mori v. Saito*,
803 F. Supp. 2d 520 (S.D.N.Y. 2011)........................................................................................5

*Shulman v. Becker & Poliakoff, LLP*,
2018 WL 4938808 (S.D.N.Y. Oct. 11, 2018) ........................................................................... 5

**PRELIMINARY STATEMENT**

In its Memorandum of Law in Plaintiff's Response to Defendants' Motion to Stay Discovery ("Opposition"), Plaintiff does little more than offer nonsensical and baseless "facts" coupled with irrelevant authority to argue that discovery during the pendency of a motion to dismiss is vital and should not be stayed.

In its Opposition, Plaintiff's asserts that the breadth of discovery is minimal, the claims asserted in Plaintiff's Second Amended Complaint ("Complaint") are valid, and that there is a risk of prejudice to Plaintiff. Individually and collectively these are insufficient to establish that a stay of discovery is not warranted. At the outset, such assertions are based only on unsupported and speculative arguments. Moreover, the sheer volume of paper, electronic, and oral discovery that will result if discovery is not stayed would be unnecessary should the case be dismissed or, at the very least, claims against some or all of the named Defendants are dismissed. At this juncture, there truly is no need for discovery.

For the reasons stated herein, as well as the reasons stated in the Motion to Stay, Defendants demonstrate the overwhelming need for a Stay of Discovery during the pendency of Defendants' True Lacrosse, Mike Gabel, Jake Deane (True Lacrosse, Mike Gabel, and Jake Deane collectively referred to hereinafter as "True Lacrosse Defendants") and Defendants Legacy Lacrosse, LI, Inc. ("Legacy Lacrosse"), Madlax Inc. ("Madlax"), Michael Brennan, Tracey Cantabene, Thomas Zummo, and Cabel Maddux (Legacy Lacrosse, Maxlax, Michael Brennan, Tracey Cantabene, Thomas Zummo, and Cabel Maddux collectively referred to hereinafter as "Legacy Lacrosse Defendants") (True Lacrosse Defendants and Legacy Lacrosse Defendants together referred to hereinafter as "Defendants"), respective Motions to Dismiss the Complaint in its entirety.

1

## ARGUMENT

**I.  Plaintiff Cannot Establish That It Has Viable Claims Under the Five Counts Alleged in the Complaint**

As set forth in greater detail in Defendants' moving papers, there is a strong likelihood of dismissal of each of Plaintiff's claims as Plaintiff does not - - because it cannot - - state a cause of action for discrimination, breach of contract, or intentional interference with a contract.

In its Opposition, Plaintiff argues that it has valid claims. *See generally* Opposition ("Opp."). However, as is par for the course, Plaintiff's assertion that it has meritorious discrimination and breach of contract claims are supported by wholly conclusory statements. In fact, Plaintiff offers no new evidence supporting its claims that Defendants breached a contract as a result of an alleged discriminatory animus. Plaintiff does, however, point to this absurd "dog whistle" argument that Defendant Jake Deane's comments about "community and culture" are codes for discrimination. *See* Affidavit of John Clennan ("Clennan Aff."), at 6. Importantly, this assertion is not only unsupported, but it is directly contradicted by the documentation that Plaintiff itself offered in support of its Opposition and this contention.

Here, Plaintiff cherry picked statements from a larger email exchange with Defendant Jake Deane to give the illusion that it has meritorious claims. Defendant Jake Deane conveyed that he took issue with the Plaintiff's players "not knowing each other and not knowing anyone on the team or who the coaches are and the objective is to just win." Clennan Aff., Ex. 4. Defendant Jake Deane also asks if Plaintiff intends to create a program with "continuity, culture and buy in with the families [Plaintiff has] involved." *Id*. As Defendant Jake Deane pointed out, Plaintiff's program was just "a bunch [of] dads coming together to try and win grade championship" and that Plaintiff was "not a program" but instead a "tournament team." *Id*. Despite any claims to the contrary,

2

Plaintiff cannot point to a single shred of evidence demonstrating that Defendants acted with discriminatory animus or that there was somehow a "dog whistle."

Notably, Plaintiff asserts that it has offered facts that establish a genuine issue of material fact sufficient to demonstrate that such claims exist and thus a stay of discovery is not warranted. *See* Opp., at 11. However, Plaintiff is relying on a summary judgment standard. In the case at bar, there is a motion to dismiss pending, which gives rise to Defendants' request for the instant motion to stay discovery. The question is not whether a genuine issue of fact exists. Rather, the question is whether "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Notably, Plaintiff spends three pages making an argument over an issue that has not been raised. Specifically, Plaintiff argues that Defendants "created an amorphous organization of individuals and corporations" and thus, Defendants are a "joint venture." This argument has no bearing on the pending motion to dismiss or the instant motion as Defendants have not yet argued that they did not constitute a "joint venture." However, Plaintiff now seeks to use this argument to somehow assert that the claims against the individually-named Defendants cannot be dismissed because they are involved in this "joint venture." Plaintiff's argument should fail. There are no allegations that specifically identify any discriminatory or tortious acts by the individually-named Defendants. Thus, such an argument is futile. *Buckley v. New York*, 959 F. Supp. 2d 282, 294–95 (E.D.N.Y. 2013) (dismissing the claims against the individual defendants as plaintiff failed to address any specific example of where any individual defendant discriminated against plaintiff based on race); *Long v. Marubeni Am. Corp.*, 406 F. Supp. 2d 285, 301 (S.D.N.Y. 2005) (dismissing

3

discrimination claims against an individual defendant where the plaintiff made "no allegations that [the defendant] personally engaged in any discriminatory behavior").

In sum there is a strong likelihood of dismissal of each of Plaintiff's claims as Plaintiff does not - - because it cannot - - state a cause of action for discrimination and breach of contract.

## II. Contrary to Plaintiff's Assertion, Discovery is Significant and Will Be Burdensome on Defendants

As detailed in Defendants' motion, it makes little sense for this Court to permit the commencement of broad, costly, and burdensome discovery when such efforts (not to mention costs on Defendants) should be entirely obviated by dismissal of the Complaint and the District Court's ruling on threshold legal issues.

Plaintiff asserts its discovery requests are rather limited. *See* Opp., at 5. However, all parties must engage in discovery by serving their own requests for documents and information, and taking depositions. Simply because Plaintiff believes its requests are "rather routine and prosaic", *see* Clennan Aff., at, 3, does mean that the need for extensive and costly discovery is obviated. Indeed, Plaintiff wholly ignores the need for depositions, which currently would include approximately ten party depositions, and the possibility of approximately five non-party depositions.

Moreover, and contradictory to Plaintiff's assertion that the breadth of discovery is limited, Plaintiff baselessly and erroneously asserts that Defendants altered its website. *See* Opp., at 5. Such an assertion makes clear that there may be a need for electronic discovery, which is both lengthy and costly. As a result, it is clear that, should this matter not be dismissed and litigation continue, electronic discovery will be necessary. Importantly, electronic discovery is a costly and burdensome undertaking.

4

In sum, for the reasons above, as well as the reasons stated in Defendants' Motion to Stay Discovery, the breadth of discovery weighs heavily in favor of an order granting a stay of discovery. *See Shulman v. Becker & Poliakoff, LLP*, 2018 WL 4938808, at *3 (S.D.N.Y. Oct. 11, 2018) (granting a stay of discovery where the moving party identified nine potential deponents reasoning that "depending on the outcomes of defendants' motions to dismiss and plaintiffs' cross-motion for leave to amend, the number, scope, length, and subjects of these depositions may change").

### III. Plaintiff's Contention that There is a Risk of Spoliation of Evidence is Speculative and Does Not Sufficiently Demonstrate that Plaintiff Will Be Prejudiced by a Stay of Discovery

Plaintiff's argument that staying discovery will result in prejudice, risk, or spoliation is completely unfounded. In its Opposition, Plaintiff baselessly asserts that Defendants have engaged in "mischief" and a stay of discovery will result in a risk that there will be further alterations to Defendants' website.

Here, Plaintiff's only evidence that Defendants engaged in misconduct is Plaintiff's self-serving affidavit asserting that when Plaintiff registered for the tournament, the Terms and Conditions were not provided for on the website. "A party alleging that discovery is necessary to preserve evidence must . . . make a specific showing that the loss of evidence is imminent as opposed to merely speculative." *See Mori v. Saito*, 803 F. Supp. 2d 520, 525 (S.D.N.Y. 2011) *citing In re Vivendi Universal,* 381 F.Supp.2d 2d 129, 130 (S.D.N.Y. 2003). Thus, as Plaintiff's speculative argument is insufficient to demonstrate that such alleged conduct is prejudicial to Plaintiff, this factor weighs in favor of a stay of discovery. *See Mori*, F. Supp. 2d at 525 (finding that a stay of discovery was appropriate as the party opposing a stay of discovery failed to

5

demonstrate that discovery was necessary to preserve evidence as the plaintiff's assertion that "destruction of evidence is ongoing" was unsupported by evidence and was merely speculative).

Moreover, Plaintiff, by its own admissions, previously sent a preservation letter to Defendants. *See* Clennan Aff., at Ex. 1. This serves as protection from any alleged prejudice to Plaintiff. Plaintiff has proffered no evidence and instead offers only mere speculation.

Additionally, as discussed in the Motion to Stay, in the event that the Motion to Dismiss is denied, which it should not be, Plaintiff will be entitled to no less discovery after an answer to the Complaint is filed than it will be entitled to before that ruling. For example, even assuming Plaintiff's absurd claim that Defendants altered the website were true - - which it is not - - Plaintiff would be entitled to the same electronic discovery after the stay of discovery is lifted if the Complaint is not dismissed. Further, discovery is not necessary for Plaintiff to defend its Complaint against the pending Motion to Dismiss.

Thus, despite Plaintiff's claims to the contrary, Plaintiff will not be prejudiced by a stay of discovery.

## **CONCLUSION**

**WHEREFORE,** for the foregoing reasons, as well as the reasons set forth in Defendants' Motion to jointly and respectfully request that the Court grant a stay of discovery pending the District Court's determination of their respective motions to dismiss the Amended Complaint.

| | |
|---|---|
| Dated: Woodbury, New York<br>March 10, 2022 | Dated: Carle Place, New York<br>March 10, 2022 |
| KAUFMAN DOLOWICH & VOLUCK, LLP<br>*Attorneys for Defendants True Lacrosse,*<br>*Mike Gabel, and Jake Deane* | SOKOLOFF STERN LLP<br>*Attorneys for Defendants Legacy Lacrosse,*<br>*LI, Inc., Maxlax Inc., Michael Brennan,*<br>*Tracey Cantabene, Thomas Zummo and*<br>*Cabel Maddux* |
| By: _____<br>Jennifer E. Sherven, Esq.<br>Taylor M. Ferris, Esq.<br>135 Crossways Park Drive, Suite 201<br>Woodbury, New York 11797<br>(516) 681-1100<br>JSherven@kdvlaw.com<br>TFerris@kdvlaw.com | By: /s/_____<br>Adam I. Kleinberg, Esq.<br>179 Westbury Avenue<br>Carle Place, New York 11514<br>(516) 334-4500<br>akleinberg@sokoloffstern.com |

4867-1222-0180, v. 2